

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

August 14, 2023

<u>VIA ECF</u>

Hon. Nelson S. Román
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:   *Lisa Addi v. The International Business Machines, Inc.*, Case No. 7:23-cv-05203

Dear Judge Román:

We represent Defendant The International Business Machines, Inc. ("IBM") in the above-referenced matter. In accordance with your Honor's Individual Practice Rule 3.A(ii), we respectfully request a pre-motion conference as IBM intends to file a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Lisa Addi ("Plaintiff") lacks Article III standing to bring her claims and fails to allege sufficient facts to plausibly state a claim for relief.

## *Background*

Plaintiff's Complaint arises from IBM's alleged use of third-party Oracle America, Inc.'s ("Oracle") BlueKai Pixel ("BlueKai") on Weather.com ("TWC"), a site IBM owns and operates. Compl. ¶¶ 1, 5. Plaintiff, a resident of Maryland, alleges that BlueKai, a "data management platform" and "marketing tool," allows Oracle to "track" TWC users — like Plaintiff, who has a TWC account — and offers "targeted advertising." *Id*. ¶¶ 1, 4, 14-15, 17. Based on TWC's alleged use of BlueKai, Plaintiff avers that IBM allegedly "procured" the "real-time" "interception" of "Plaintiff's and Class Members' electronic communications with Weather.com" in violation of Maryland's Wiretapping and Electronic Surveillance Act ("MWESA"). *Id*. ¶¶ 38, 68.

Although Plaintiff bases her allegations on "the investigation of her counsel," *id.* at 1, she (1) relies on a screenshot of ESPN.com, not Weather.com, to support her claims, *id.* ¶ 33, and (2) fails to acknowledge that, as a requirement of creating a TWC account, <u>she consented to TWC's Terms of Use and Privacy Policy</u>, which expressly provide that Weather.com may contain "pixel tags."[1] For the reasons below, Plaintiff lacks standing and otherwise fails to state a claim for relief.

---

[1]*See* https://weather.com/en-US/twc/privacy-policy (last accessed August 6, 2023). While Plaintiff omits reference to TWC's Privacy Policy and Terms of Use, she directly relies on the fact that she "has a Weather.com account," and thus agreed to both. Compl. ¶ 4. Courts must consider a complaint as a whole, which is "deemed to include . . . documents that, although not incorporated by reference, are integral to the complaint." *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Sinclair v. Ziff Davis, LLC*, 454 F. Supp. 3d 342, 344 n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's terms of use and privacy policy); *Thorne v. Square, Inc.*, No. 20CV5119NGGTAM, 2022 WL 542383, at *1 (E.D.N.Y. Feb. 23, 2022).

Hogan Lovells US LLP is a limited liability partnership registered in Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  Johannesburg  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Sydney  Tokyo  Warsaw  Washington, D.C.  Associated Offices:  Budapest  Jakarta  Riyadh  Shanghai FTZ  Ulaanbaatar.   Business Service Centers:  Johannesburg  Louisville.  Legal Services Center:  Berlin.  For more information see www.hoganlovells.com

The Hon. Nelson S. Román  - 2 -  August 14, 2023

**I.    *Plaintiff Lacks Article III Standing to Bring Her Claims Under Rule 12(b)(1)***

Plaintiff lacks standing under Article III because she does not allege facts demonstrating she "suffered an injury in fact [] that is fairly traceable to the challenged conduct" of IBM. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). While Plaintiff contends in a conclusory manner that "[t]he violation of MWESCA [sic] constitutes an invasion of privacy sufficient to confer Article III standing," Compl. ¶ 73, the Supreme Court has repeatedly held that "[a]n injury in law is not an injury in fact." *TransUnion*, 141 S.Ct. at 2205; *see also Spokeo, Inc.,*578 U.S. at 341. Instead, Plaintiff must allege a "concrete harm" that closely resembles a "historical or common-law" injury. *TransUnion*, 141 S.Ct. at 2204. Plaintiff fails to do so. Moreover, in signing up for a TWC account and using Weather.com, Plaintiff confirmed that she read and agreed to TWC's publicly available Terms of Use and Privacy Policy which, as described above, disclosed the use of "pixel tags" on certain pages of the website.

**II.    *Plaintiff's Claims Also Fail Under Rule 12(b)(6)***

The Complaint also fails to state a claim for violations of MWESA, which makes it unlawful to (1) "intercept . . . any wire, oral, or electronic communication"; (2) "disclose . . . to any other person the contents of" the same, knowing that it "was obtained through the interception of a wire, oral, or electronic communication"; or (3) "use . . . the contents of any wire, oral, or electronic communication," knowing "that the information was obtained through the interception of" the same. Md. Code Cts. & Jud. Proc. §10-402(a). Plaintiff fails to allege facts supporting any claim that IBM "procured" Oracle to "intercept" any "contents" of Plaintiff's alleged electronic communications with IBM on Weather.com. While Plaintiff peppers the word "intercept" throughout her Complaint, she merely relies on a screenshot from a completely unrelated website (ESPN.com), which she claims supports her conclusory assertion that "BlueKai operates on Weather.com in the same manner." Compl. ¶ 33. That is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 ("threadbare recitals" and "conclusory statements" are insufficient); *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (pleading "requires more than labels and conclusions").

  **1.    *Insufficient Allegations that Interception Was Contemporaneous With Transmission***

For a communication to be "intercepted," it must occur contemporaneously with transmission. *See Martin v. State*, 96 A.3d 765, 776 (Md. Ct. Spec. App. 2014) ("we shall join the federal courts in construing 'intercept' as requiring 'acquisition contemporaneous with transmission' of the messages"). Plaintiff fails to allege facts demonstrating any contemporaneous activity. Although Plaintiff asserts that "Oracle intercepts [] user data in real time," Compl. ¶ 22, she fails to state *facts* in support. Courts have held similar conclusory allegations are insufficient to allege interception under wiretapping statutes. *See, e.g., Jacome v. Spirit Airlines Inc*., No. 2021-000947-CA-01, 2021 WL 3087860, at *6 (Fla. Cir. Ct. June 17, 2021) ("[A]llegations without pleading any ultimate facts in support are insufficient to demonstrate that any interception happened contemporaneously."); *Rodriguez v. Google LLC,* No. 20-CV-04688, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make [interception] plausible."); *see also Snyder v. Fantasy Interactive, Inc.*, No. 11 Civ. 3593 (WHP), 2012 WL 569185, at *2 (S.D.N.Y. Feb. 9, 2012) (interception does not include storage).

The Hon. Nelson S. Román - 3 - August 14, 2023

**2. *No "Interception" of Communication "Contents"***

Like its federal analogue, MWESA defines "contents" to include "any information concerning the identity of the parties." Md. Cts. & Jud. Proc. §10-401(4); *see also* 18 U.S.C. § 2510(8). Courts have interpreted "contents" to mean "the intended message conveyed by the communication," which "does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). "[E]lectronic signals relating to the [personal identification number] of the caller, the number called, and the date, time and length of the call" does not capture the contents of communications, *Gilday v. Dubois*, 124 F.3d 277, 296 n.27 (1st Cir.1997), nor do location identifiers, *see In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 137 (3d Cir. 2015). Plaintiff's allegations that "Oracle intercepted information concerning 'the identity of the parties to the communication'" by allegedly intercepting "the geolocation and e-mails of Plaintiff," Compl. ¶ 66, do not constitute contents under the law.

**3. *Plaintiff Does Not Allege that Oracle BlueKai is a "Device"***

Nowhere in the Complaint does Plaintiff characterize BlueKai as a "device" for purposes of MWESA. That is likely because Maryland courts interpret "device" to be a "tangible equipment," which BlueKai is not. *See Mason v. Mach. Zone, Inc.*, 140 F. Supp. 3d 457, 462–63 (D. Md. 2015), *aff'd*, 851 F.3d 315 (4th Cir. 2017) (interpreting a California law criminalizing the ownership of a "slot machine or device" as regulating "a piece of equipment," *i.e.*, something tangible).

**4. *BlueKai Squarely Falls Within MWESA's "Telephone Exemption"***

BlueKai-type software is explicitly excluded under MWESA's "telephone exemption." Md. Code Cts. & Jud. Proc. §10-402(a); *Schmerling v. Injured Workers' Ins. Fund,* 795 A.2d 715, 728 (Md. 2002) (equipment under the exemption must be used in the ordinary course of business). To qualify, BlueKai need only "further the use of or functionally enhance the telecommunications system," which can be satisfied if it has "a positive impact . . . on a communications system." *Schmerling,* 795 A.2d at 726. As Plaintiff herself alleges, the software makes "every customer interaction matter by connecting all [Oracle CX clients'] business data across advertising, marketing, sales, commerce, and service." Compl. ¶ 12. Because Plaintiff alleges that IBM uses the information to "build better services" and "improve its services," *id.* ¶ 70, BlueKai is exempted.

**5. *Plaintiff Consented to IBM's Use of Oracle BlueKai***

MWESA plainly provides that it is lawful for a person to intercept "where all of the parties to the communication have given prior consent." Md. Cts. & Jud. Proc. §10-402(c)(3). Plaintiff has plainly consented here, as the Terms of Use and Privacy Policy require consent. *See Agnew v. State*, 461 Md. 672, 683 (2018); *Zaratzian v. Abadir*, No. 10 CV 9049(VS), 2014 WL 4467919, at *8 (S.D.N.Y. Sep. 2, 2014) (consent "is inferred from surrounding circumstances indicating that the party knowingly agreed") (citation omitted).

For the reasons above, Defendant respectfully requests a pre-motion conference.

Respectfully submitted,

*/s/ Jasmeet K. Ahuja*
Jasmeet K. Ahuja